CASE 82—INDICTMENT—OCTOBER 9.

# John Able (alias Taylor) vs. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. To make one a principal in either the first or second degree, he must be actually or constructively present at the commission of the offense. (3 *Greenleaf on Ev.*, sec. 40; *Wharton's Amer. Crim. Law*, sec. 116.)

2. To advise the perpetration of an offense makes him so advising an accessory before the fact.

3. Receiving stolen property, knowing it to be stolen, makes the receiver an accessory after the fact. (4 *Blackstone*, 35; *Wharton's Amer. Crim. Law*, sec. 134; 3 *Greenleaf on Ev.*, sec. 42.)

4. The common law distinction between principals and accessories has not been abolished by our statutes, but is expressly recognized.

5. Accused approached a small boy, who lived with his grandfather. Having inquired whether his grandfather had some gold, and being answered that he had, he asked the boy if he could not get it, and was answered in the affirmative. It was then agreed between them that the boy would get the money and hide it at the stable, and accused should come at night and tap on the door, and the boy would run out and shoot at him for a blind. The boy got the

John Able vs. Commonwealth.

money and hid it in the stable. Accused came and tapped on the door, and was shot at, but could not find the money. Several days thereafter the boy took the money to a village about two and a half miles from his grandfather's, where they had their first conference, and delivered it to the accused. *Held—The conviction of accused as principal was erroneous.*

Wm. L. JACKSON and
Wm. T. WARD,                              For Appellant,
                         CITED—

*Revised Statutes*, sec. 10, chap. 28.

4 *Blackstone*, chap. 3.

12 *Alabama*, 460; *Hughes vs. The State.*

2 *Wharton's Amer. Crim. Law*, sec. 1811.

1 *Wharton's Amer. Crim. Law*, secs. 112 to 134.

2 *Dev. & B.'s N. C. Rep.*, 412; *State vs. Hardin.*

1 *Bishop on Crim. Prac.*, pp. 546 to 551.

1 *Hale's Pleas of the Crown*, pp. 611 *to* 618, 623 *to* 626, *and* 537.

1 *Bishop's Crim. Law*, pp. 475–6.

3 *Gilmore*, 368, 381, 382.

5 *Cal. Rep.*, 133; *People vs. Davidson.*

1 *Green.* 111; *Russell vs. United States.*

5 *Mich.*, 71, 86, 88; *Shannon vs. People.*

29 *Maine*, 84; *State vs. Ricker.*

2 *Hawkins' Pleas of the Crown*, page 445.

*Foster*, 354; *Plowden*, 475, 476.

2 *Inst.*, 182; *Dalton*, 108.

*Lamb*, 2, chap. 7; *Concromp*, 49.

3 *Inst.*, 51; *Compton*, 42, *summary*, 217, 218.

JOHN RODMAN, Attorney General,          For Appellee,
                         CITED—

*Bishop's Crim. Law*, 432–33.

4 *Washington Cir. Court Rep.*, 733.

2 *B. Mon.*, 417; *Ross vs. Commonwealth.*

John Able vs. Commonwealth.

10 *Mass. Report*, 160.

11 *Mass. Report*, 136.

*Littell's Select Cases*, 118; *Caldwell vs. Sacra.*

2 *Russell on Crimes*, 118, *and cases cited.*

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellant was indicted, tried and convicted, in the Jefferson circuit court, of stealing and carrying away two thousand six hundred dollars of gold coin, the property of James W. Gibson.

The evidence established that Able lived at Cairo, a small village in Henderson county, in this State, and that Gibson resided about two and a half miles from it, and had residing with him his grandson, about fifteen years of age; that Able approached the boy one day in Cairo and inquired whether his grandfather had not some gold. Being answered in the affirmative, he then inquired if he, the boy, could get this; and also being affirmatively answered, it was then agreed that the boy should get the gold and hide it at the stable, and that Able should come to the house at night and tap on the door, and the boy should run out and shoot at him, but over his head, for a blind. The grandfather was soon to be absent for some considerable time; and pursuant to said agreement, the accused did go to the house in the night, after the old man had left on his contemplated trip, and the boy shot twice over his head; but Able could not find the money, consequently did not then get it. Several days thereafter, however, the boy took the money to Cairo and delivered it to him, when he took it to the town of Henderson, deposited it in bank, where he permitted it to remain but a few days, when he withdrew it, and was found in possession of it all but about three hundred dollars, at Louisville. The only question on this appeal

worthy of notice is, whether a conviction as a principal can be permitted to stand.

Section 10, article 1, chapter 28, 1 Stanton's Revised Statutes, 372, declares, that "in all felonies, accessories before the fact shall be liable to the same punishment as the principals, respectively, and may be prosecuted jointly with those principals, or severally, though their principals be not taken or tried."

By section 12, Criminal Code, it is provided, that an indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

Was Able a principal or an accessory before and after the fact?

In 4 *Blackstone's Commentaries*, 35, it is said, "an accessory is he who is not the chief actor in the offense, nor present at its performance, but is in some way concerned therein, either before or after the fact." And then defines an accessory before the fact to be one, "who, being absent at the time of the crime committed, *doth yet procure, counsel*, or *command another to commit a crime. Herein absence* is necessary to make him an accessory." "An accessory after the fact may be, where a person, knowing a felony to have been committed, receives, relieves, comforts, or assists the felon."

In 1 *Wharton's American Criminal Law* (*sec.* 134) it is said, "an accessory before the fact is one who, though absent at the time of the commission of the felony, doth yet procure, counsel, command, or abet another to commit such felony. * * * To constitute a man accessory, it is necessary that he should have been absent at the time when the felony was committed; if he was either actually or constructively present, he is, as has

been seen, a principal." And such is the description of accessories before the fact given in *section* 42, 3 *Green-leaf on Evidence*. It is said, in section 40, same book, that "principals in the first degree are those who are the immediate perpetrators of the act. Principals in the second degree are those who did not, with their own hands, commit the act, *but were present aiding and abetting it*. It is not necessary, however, that this presence be strict, actual, and immediate, so as to make a person an eye or ear-witness of what passes; it may be a *constructive presence*. Thus, if several persons set out in concert, whether together or apart, upon a common design which is unlawful, each taking the part assigned to him, some to commit the act *and others to watch at proper distances to prevent a surprise, or to favor the escape of the immediate actors:* here, if the act be committed, all are, in the eye of the law, present as principals; the immediate perpetrators in the first degree, *and the others in the second.*"

Wharton, in section 116, says: "Principals in the second degree are those who are present, aiding and abetting at the commission of the fact. To constitute principals in the second degree, there must be, in the first place, a participation in the act committed; and in the second place, presence, either actual or constructive, at the time of its commission. * * * It is not necessary, however, to prove that the party actually aided in the commission of the offense. *If he watched for his companions in order to prevent surprise, or remained at a convenient distance in order to favor their escape,* if necessary, or was in such a situation as to be able readily to come to their assistance, the knowledge of which was calculated to give additional confidence to his companions, in contemplation of law he was aiding and abetting."

John Able vs. Commonwealth.

All the writers on criminal law agree, that to make a party a principal, either in the first or second degree, he must be actually or constructively present at the commission of the offense. Constructive presence is such as would enable him to take part in aiding the escape of the perpetrator, or giving him information of approaching danger, if necessary. No writer that we have seen makes the acts constituting the offenses of accessories before and after the fact, though combined in, or perpetrated by, the same person, evidence of guilt as a principal; for neither the acts essential to make an accessory before the act, nor after it, can, singly or combined, make the guilty party a principal in the first or second degree—indeed, being inconsistent with either and both, it is, as easy to make out the one as the other offense by such proof. To be a principal in either degree, there must be an actual or constructive presence at the commission of the offense. Advising its perpetration makes the advisor an accessory before the fact; receiving the stolen property, knowing it to be stolen, makes the receiver an accessory after the fact; but how can the advising its perpetration, and receiving the stolen property by the same party, when he was miles away at the perpetration of the offense, evidence either his actual or constructive presence at the time of the perpetration? It is agreed in all works on crimes, that the smallest asportation completes the crime of larceny; but, in the asportation of this money from the dwelling to the stable, or from the latter to the town of Cairo, Able was alike absent, both actually, and constructively.

All the writers agree, that, by the common law, the punishment of principals in the first and second degree was the same, as well as accessories; but there were

still important reasons why the party should be indicted for the actual offense perpetrated by him, to distinguish the nature and denomination of the crime, that the accused may know how to defend himself, and because, though indicted as accessory and acquitted, he may afterwards be indicted as principal. (4 *Blk.*, 40.)

Our statute, so far from abolishing the common law distinctions between these offenses, expressly recognize it by providing that accessories before the fact may be prosecuted jointly with the principal, or severally, and convicted, though the principal has not been tried, and are liable to the same punishment as the principal, thus keeping up the common law distinction between principals and accessories.

However ample the evidence may be, and however certain the guilt of the accused as an accessory before and after the fact, the evidence in this case does not show him guilty as a principal in either the first or second degree.

It was said by a distinguished English writer that it was the boast of every Englishman that he could only be convicted and punished according to the constitution and laws of his country. Such should be the confident assertion of every American; but whether all can do so in all the States or not, it has been, and should continue to be, the boast of every Kentuckian within the domains of his own State. It is far better that even the felon should escape than that the liberties of a citizen should be taken by other than strictly legal proceedings; but why should a felonious accessory, before or after the fact, escape? Are not the laws as simple, certain, and the punishment as sure, for them as of principals? It only requires that ac-

cessories should be indicted and tried, and punished as such.

Wharton, in section 114, says : "One indicted as principal cannot be convicted on proof showing him to be only an accessory before the fact; and we add, nor by proof that he afterwards received the stolen goods; for whether accessory before or after the fact, or both combined, he is not a principal.

On the return of the cause, however, the court should proceed to try the accused, on proper indictment, as an accessory, or remand him to the proper county for such proceedings.

Wherefore, the judgment is reversed, with directions to set aside the verdict and judgment, and for further proceedings consistent with this opinion.

Judge ROBERTSON does not concur, believing that the accused is a principal, because the boy acted as his hand; and that the money, whilst in the boy's possession, was still legally in the owner's possession; and that the indictment was sufficient notice of the offense of which the accused was guilty, and will bar any further indictment, even as accessory.