### J. B. LOOMAN v. THE STATE.

*No. 1294. Decided March 10th, 1897.*

**1.  Burglary—Accomplice Testimony—Corroboration of—Evidence Sufficient.**

See facts, on a trial for burglary, stated in the opinion. Held: Sufficient to corroborate the testimony of an accomplice, which detailed the particulars of the crime.

**2.  Same—Indictment—Counts—General Verdict.**

Where an indictment for burglary contained two counts, one charging burglary, the other accomplice to burglary, a general verdict will be applied to the count which is sufficient and which is supported by the evidence.

APPEAL from the District Court of Grayson. Tried below before Hon. DON A. BLISS.

Appeal from a conviction for burglary; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*J. W. B. Smith* and *T. J. Murphy*, for appellant, filed a motion and brief for a rehearing.

*Mann Trice*, Assistant Attorney-General, for the State.—There are three counts in the indictment; the first, charging burglary; second, as an accomplice to the burglary, and the third, as an accessory. The State on the trial abandoned the count as an accessory. A general verdict of guilty was rendered, without specifying the count upon which the verdict was rendered. A general verdict in such case is sufficient. See, English v. State, 29 Tex. Crim. App., 183.

No bills of exception appear in the record. The motion for a new trial, however, raised the question of the insufficiency of the evidence, the principal inculpatory facts having been testified to by a confessed accomplice. It is claimed that there is no corroboration; and if so, the same is not sufficient. If you eliminate the accomplice's testimony, still you have other testimony connecting the defendant, that is, his possession of the gun and his false statement in reference thereto. It is not necessary that the accomplice's testimony be corroborated circumstantially and in detail. See, Myers v. State, 7 Tex. Crim. App., 640; Power v. State, 15 Tex. Crim. App., 441; Dunn v. State, 15 Tex. Crim. App., 560; and note 5 to Art. 741, Code Crim. Proc. The testimony of the

accomplice is corroborated as to the fact that appellant and he were trav-
eling together; they passed the house alleged to have been burglarized;
one of the parties went into the house, and on the same night they were
arrested and had in their possession the gun alleged to have been stolen.
Appellant first claimed that they brought the gun with them from the
Indian Territory. He afterwards disclaimed any knowledge of how
the gun came into their possession. Recent possession of stolen prop-
erty, without a satisfactory explanation of possession has been held suf-
ficient to sustain a conviction for theft. Roberts v. State, 17 Tex.
Crim. App., 82; McNair v. State, 14 Tex. Crim. App., 78. It is
therefore respectfully submitted that the circumstances, together with
the fact of recent possession of the stolen property and the falsity of
the statement made when the possession was challenged, is a sufficient
corroboration of the testimony of the accomplice.

DAVIDSON, JUDGE.—The indictment contains three counts—the
first for burglary, the second charges appellant with being an accom-
plice to the crime of burglary, and the third charges him as an acces-
sory. The charge of the court submitted the first and second counts.
The verdict of the jury was a general one, not specifying under which
count the conviction occurred. It is urged that the testimony is insuf-
ficient to support the verdict of the jury. The accomplice, Bonner,
testified that he and the defendant became acquainted with each other
in the Indian Territory, in June, 1896, and traveled together, with ap-
pellant's son, into Grayson County, Texas. They were sharing the
expenses incidental to this trip between them. Appellant traveled in a
wagon and the accomplice on horseback. Sometimes they would alter-
nate. When they reached the alleged burglarized house, Bonner (the
accomplice) testifies: "Looman told me to go up to the house near by,
and see if I could get a gun; that they were needing money, and per-
haps they could sell it, and by that means get some money. Looman
said he would wait out there in the wagon, and watch to see if any one
should come, while I went into the house. We all stopped, and I got
out of the wagon, and went into the house. I opened the door in order
to get in. Saw a gun on the rack in the corner of the house. I took
the gun down, walked out of the house, got on my horse, rode on down
the road, and overtook Looman in the wagon. We were then going east.
I rode up on the left side of the wagon, and handed the gun to Looman,
and he put it into the wagon. The gun was a Winchester rifle. No
one was at the house when I entered and got the gun. The house was
about twenty-five or thirty steps from the road. This was about one
o'clock in the day. * * * We all went on down to the town of
Weston, in Collin County, and camped on the other side of Weston that
night. The next day W. D. Boswell and Alex Robinson (a deputy
sheriff) came down there, hunting for the gun. They arrested me, and
took me down to the McKinney jail, in Collin County." Alex Robin-
son testified for the State: "I went down to the camp where defendant,

Looman, and witness, Bonner, were, just below Weston. Mr. W. D. Boswell was also there, and he identified a certain gun which he said was the gun taken from his house the day before. The gun at that time was sitting up against the wire fence near the camp. [A gun being handed the witness, he stated, "This is the gun."] Defendant, Looman, and the witness, Bonner, both told us they had brought this gun of Mr. Boswell's through with them from the Territory. The witness, Bonner, told us that he and Looman were brothers, and that his name was Snider. Looman said nothing in reply to that just at that time. He was present, and as close to Bonner as I was, when he said they were brothers. Three or four minutes after that time, and after Boswell had identified his gun, and I told defendant and Bonner that I would have to take them back to town, defendant called me to one side and told me they were not brothers, and told me that was not Bonner's real name, and told me what Bonner's name was, and said that he had nothing to do with the taking of the gun, and did not know that the gun was in the wagon until they stopped to camp that night." The witness, W. D. Boswell, testified, in substance, to the same facts as the witness, Robinson, and, further, that when they reached the camp of defendant and Bonner, he found his gun sitting up at the camp by a wire fence. He also stated: "While at the camp, and when Alex Robinson had my gun in his hand, and was talking about it, defendant, Looman, said they had brought this gun from the Indian Territory here." Mrs. Boswell testified that at the time of the burglary of her husband's house she was some two or three hundred yards away. She saw the man enter the house and leave it, but could not tell whether he had the gun or not. Just after the burglar left the house, she saw the wagon pass. The gun was identified as the gun taken from Boswell's house. If the testimony of the accomplice is to be believed at all, the case is completely made out; but this is not sufficient under our law. He must be corroborated, and we think this has been sufficiently done. The defendant himself stated before the parties identified the gun at the camp that he and the defendant had brought that gun with them from the Indian Territory. He knew this was false. He also remained silent for some time after Bonner stated that they were brothers. The attending circumstances in this case, as shown by the testimony referred to herein, amply corroborate the accomplice, Bonner, and the corroboration is much stronger than in the case of Martin v. State, 21 Tex. Crim. App., 1. The court in that case held that the testimony was sufficient. In the motion for a new trial appellant contends that the second count in the indictment, which charges appellant with being an accomplice to the burglary, is not sufficient. We think it is. It fully charges that offense, and, if it was not sufficient, the first count is; and in a case of this character, the verdict being general, the testi-

mony being sufficient to prove the first count, the verdict will be applied to that count.　　The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for a rehearing was overruled without a written opinion.—Reporter.]