(June 26, 1906.)

## STATE, Respondent, v. ZIBE MORSE, Appellant.

[86 Pac. 53.]

GRAND LARCENY—RECEIVING STOLEN PROPERTY—INSUFFICIENCY OF EVIDENCE—NEWLY DISCOVERED EVIDENCE.

1. Where the facts and circumstances established on the trial show that the stolen cattle had been gathered on the range by others and driven some distance, and the defendant met those who had gathered them, by agreement, and assisted them in mutilating the brands on the cattle and driving them across Snake river into Oregon, the verdict of guilty will not be reversed on the ground of insufficiency of the evidence.

2. *Held,* that the court did not err in refusing to grant a new trial on the ground of newly discovered evidence.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District for Washington County. Hon. Frank J. Smith. Judge.

The defendant was convicted of grand larceny and sentenced to imprisonment for six years. *Affirmed.*

Hawley, Puckett & Hawley, for Appellant.

The larceny became complete when the cattle were driven from the place where found by parties other than the defendant. (*People v. Myer,* 75 Cal. 383, 17 Pac. 431.)

The bare possession of property recently stolen is not con-clusive evidence of guilt. Especially is this so of property of the kind involved in this case. (*State v. Seymour*, 7 Idaho, 257, 61 Pac. 1033.) California has decided that receiving stolen property is a distinct and specific offense under a sec-tion identical with section 7057, Revised Statutes of Idaho, and that although a defendant may receive stolen property and assist in disposing of it for the benefit of himself and the real thief, he cannot be convicted either of larceny or as an accessory after the fact, but must be tried for the offense of receiving the stolen property only. (*People v. Stokem*, 40 Cal. 499; *People v. Fagan*, 98 Cal. 230, 33 Pac. 60; *People v. Ribolsi*, 89 Cal. 492, 26 Pac. 1082.) We submit that the affi-davit of Nicholas is not cumulative, and shows upon its face that it could not have been produced at the trial. (*State* v. *Davis*, 6 Idaho, 159, 53 Pac. 678.)

J. J. Guheen, Attorney General, Geo. P. Rhea, County At-torney of Washington County, and E. P. Rhea, for Respond-ent.

SULLIVAN, J.—The defendant was convicted of the crime of grand larceny and sentenced to a term of six years' im-prisonment. Three errors are assigned: 1. The insufficiency of the evidence to justify the verdict; 2. Admitting certain evidence; 3. In overruling the motion for a new trial.

It is contended by counsel for appellant that the defendant had nothing to do with the cattle, for the larceny of which he was convicted, except to assist in driving them after they had been stolen by others. It appears from the record that the cattle were taken from their range by two other parties and driven some distance before the defendant appeared on the scene and assisted in driving them; that at a certain place near Snake river the defendant went with one of the parties and drove the cattle to a corral about 12 o'clock at night. The next morning they went to work changing the brands; that the defendant assisted in that work. After changing

the brands they drove the cattle across Snake river into Oregon.

It is contended by counsel for the defendant that as he did not assist in starting the cattle or in taking them from their range, if he is guilty of anything, it is of receiving stolen property. We cannot agree with that contention. Taking the evidence all together, it clearly shows that the defendant knew they were stolen cattle and assisted in driving them away. The evidence is amply sufficient to support the verdict.

It is contended that the court erred in not granting a new trial on the ground of newly discovered evidence. It appears that one of the persons who assisted in stealing the cattle testified against the defendant on the trial, and thereafter made an affidavit to the effect that he had testified falsely on the trial against the defendant. From an examination of that affidavit we are satisfied that there was no error in denying a new trial. As we find no error in the record, the judgment is affirmed.

Stockslager, C. J., and Ailshie, J., concur.