### TOM GRACE v. THE STATE.

#### No. 5015.  Decided May 22, 1918.

**1.—Theft of Hog—Circumstantial Evidence—Charge of Court.**

Where, upon trial of theft of hogs, the evidence was entirely circumstantial, the court should have submitted a charge on circumstantial evidence.

**2.—Same—Evidence—Declarations of Defendant.**

Where, upon trial of theft of hogs, the State introduced in evidence a conversation between the officer and the defendant, prior to his arrest, in which defendant explained his possession, the whole conversation with reference thereto should have been admitted in evidence.

**3.—Same—Original Taking—Insufficiency of the Evidence.**

Where, upon trial of theft of hogs, the evidence was insufficient to connect the defendant with the original taking, the conviction could not be sustained.

Appeal from the District Court of Polk. Tried below before the Hon. J. Llewellyn.

Appeal from a conviction of theft of hogs; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*McKinnon & Campbell,* for appellant.—On question of charge of court: Beason v. State, 67 S. W. Rep., 96; Huddlestone v. State, 70 Texas Crim. Rep., 260, 156 S. W. Rep., 1168; Claunch v. State, 198 S. W. Rep., 307.

On question of insufficient proof: Roberts v. State, 17 Texas Crim.

App., 148; Brown v. State, 32 Texas, 606; Smith v. State, 10 Texas Crim. App., 420; Brooks v. State, 56 Texas Crim. Rep., 513, 120 S. W. Rep., 878; Warren v. State, 52 Texas Crim. Rep., 218, 106 S. W. Rep., 132.

*E. B. Hendricks* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of hog theft, his punishment being assessed at three years confinement in the penitentiary.

This is a case purely of circumstantial evidence. The State's case is that appellant and DeLoach were found in possession of two dead hogs at night, alleged to be the property of Alabama White. Alabama White testified that she had nine "killing" hogs; that these hogs came up every evening and she fed and slopped them, as she also did in the morning, and that they ranged around a lake near where she lived during the day. On this particular evening only seven of the hogs returned; two of them did not. These are the hogs supposed to have been found in possession of appellant and DeLoach that night. The evidence further shows that the hogs were shot. The defendant's case is that he had nothing to do with the killing of the hogs, and was not present; that after they were killed DeLoach came to him and asked him to go with him; that he did so, and when they reached the lake he ascertained the fact that DeLoach wanted him to help carry the two hogs home. These proved to be the two missing hogs of Alabama White. These hogs were evidently killed some time during the evening and before the seven hogs returned to the Alabama White residence. Appellant's evidence further shows that he went at the request of DeLoach to assist him; that he had nothing to do with the original capture, and that the hogs were dead when he and DeLoach went to where they were and had been dead for some time. The evidence further shows that DeLoach was armed something like 3 or 4 o'clock in the evening with a single barrel shotgun; that he went in the direction of the lake, and shortly thereafter—about 4 o'clock— two gun shots were heard about where the hogs were found dead. It is further shown that appellant was working Durden's team on the Onalaska farm, plowing a pair of mules, and at sunset he came from the field with the mules and put them up and went home. DeLoach was at his house upon his arrival. From there they went and got the hogs. The State did not undertake to connect appellant with the original taking otherwise than by his joint possession of the hogs after they were dead several hours.

The court did not charge upon circumstantial evidence, nor did he instruct the jury with reference to appellant receiving dead hogs. In fact, did not charge upon the issue of receiving stolen property. If appellant was only assisting DeLoach in taking the hogs home after they were dead he could not be guilty of theft of the hogs, or even of receiving live hogs. He would only be guilty of receiving dead hogs if he knew

the hogs were stolen. When the officer went with a search warrant to appellant's house looking for the hogs he made a statement to the officer, some of which was excluded on the ground that it would be self-serving statements. This testimony, if it is offered upon another trial, should be admitted in reference to statements made to the officer about these hogs. The State having introduced part of it, he was entitled to the whole conversation with reference to it explanatory of his possession.

We are of opinion that the testimony is not sufficient to connect appellant with the taking of the hogs. The State offered no testimony controverting his alibi at the time of the capture of the hogs, or to disprove the fact that he was working on the Onalaska farm at the time of the killing of the hogs by DeLoach. There was no evidence of any conspiracy between them otherwise than has been stated. We are of opinion that as the record presents the case the evidence is not sufficient to connect him with the original taking, or show that he committed the theft.

The judgment, therefore, will be reversed and the cause remanded.

*Reversed and remanded.*