### JIM SWEEDEN v. THE STATE.

#### No. 6829.   Decided March 29, 1922.

**Theft of Automobile—Insufficiency of the Evidence.**

Where, upon trial of theft of an automobile, the record on appeal is so devoid of evidence showing appellant's connection with the original taking, etc., as to necessitate a reversal of the case, the conviction cannot be sustained.

Appeal from the District Court of Comanche. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of theft of automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Calloway & Calloway,* for appellant.—Cited Gann v. State, 42 Texas Crim. Rep., 133; Kunde v. State, 3 S. W. Rep., 325.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Comanche County of theft of an automobile, and his punishment fixed at two years in the penitentiary.

In our view of the case it must be reversed because of the insufficiency of the testimony. No evidence was introduced on behalf of appellant. A substantial statement of the testimony follows: Mr. Fitzgerald had a car in his garage in his yard on the night of the 14th of December, 1920. During that night some one took it away. It was apparently pushed from the garage to the street. The ground over which it was pushed was sandy and damp. Mr. Fitzgerald testified that he saw the track of only one man who pushed the car from the garage to the street. That it was apparent that the weight of the car gave the party some trouble in pushing it. He described the track, and looking at appellant's foot, which was exhibited to him in the presense of the jury, he said it was impossible for the track to have been made by that foot. A few days later appellant and one Timmons were arrested in Wichita Falls at a garage. Timmons was trying to sell Mr. Fitzgerald's car at the time. He had a bill of sale to it. He was going under the name of Davis at the time. Appellant was with Timmons but disclaimed any interest in or ownership of the car, and stated at the time that Timmons had picked him up near Fort Worth and had allowed him to ride in the car with him. It was shown that appellant and Timmons both lived in the neighborhood of the town in which Mr. Fitzgerald's car was taken. Appellant was also going under an assumed name in Wichita Falls. We have stated all of the criminating facts.

Mr. Fitzgerald's testimony strongly supports the proposition that his car was stolen by only one man. That man he says could not have been appellant. Appellant was never found in any legal possession of the car in Wichita Falls. He made no effort to sell it as his. He then disclaimed any interest in or ownership of said car. Another man was then claiming it as his and was trying to sell it. The other man has been convicted for the theft of said car.

In our opinion the record is so devoid of evidence showing appellant's connection with the original taking, or his possession of the car at the time it was found in Wichita Falls, or any claim of interest therein, as to necessitate a reversal of this case. It may be that upon another trial the State can strengthen its testimony. Otherwise we think no case is made upon which a citizen can be deprived of his liberty.

For the insufficiency of the testimony the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*