[Criminal No. 678. Filed May 14, 1928.]

[267 Pac. 206.]

## LEO PASS, Appellant, v. STATE, Respondent.

Mr. R. H. Brumback and Mr. E. B. Goodwin, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Frank J. Duffy, Assistant Attorney General, for the State.

LOCKWOOD, J.—Leo Pass, hereinafter called defendant, was informed against for the crime of grand larceny, the property alleged to have been stolen being a Ford touring car. He was duly convicted thereof, and has appealed to this court. There are some five assignments of error, but we think we need consider only the last, which is that the verdict rendered is against the law and the evidence.

Larceny, under our statute, is defined as:

"The felonious stealing, taking, carrying, leading, or driving away the personal property of another." Pen. Code 1913, § 481.

Under this definition, the essentials of the crime of larceny are, first, the taking of the thing which is the subject of the crime from the possession of the owner into the possession of the thief; and, second, an asportation thereof. This was the rule at common law, and is also the rule under all the statutes, except possibly that of Texas. 36 C. J. 747. It is the act of taking which distinguishes larceny from its kindred offense of receiving stolen goods, for if a defendant had no part in taking the property, his subsequent connection with it, even his assistance to the thief in carrying it away or secreting it, will not render him guilty of larceny. *People* v. *Disperati*, 11 Cal. App. 469, 105 Pac. 617; *State* v. *Rechnitz*, 20 Mont. 488, 52 Pac. 264; *Rush* v. *State*,

95 Tex. Cr. Rep. 564, 255 S. W. 403. It follows therefrom that one who after a larceny has been completed merely aids in the further removal of the stolen goods is not a principal in the theft, but only an accessory after the fact or a receiver of stolen goods. *Able* v. *Commonwealth,* 5 Bush (Ky.) 698; *Norton* v. *People,* 8 Cowen (N. Y.) 136; *Grace* v. *State,* 83 Tex. Cr. Rep. 442, 203 S. W. 896.

If, however, the larceny was committed pursuant to a conspiracy in which the asportation was the part to be performed by the defendant, he may be convicted as a principal in the larceny. *State* v. *Morse,* 12 Idaho 492, 86 Pac. 53; *Martin* v. *State,* 12 Okl. Cr. 510, 159 Pac. 940.

The evidence for the state in this case, taken at its strongest, consists of a written statement by defendant and an alleged corroborating statement made by one Alfonso Aguilar. The statement of the defendant is as follows:

''On September 5th, 1927, Labor Day, in the morning, I was at the pool hall at Second street and Madison street when Alfonso Aguilar came up. I was sitting outside. We talked awhile, and he asked me to wait for him there. I got up and went west on Madison street and met him. He was in a Ford touring car. I got in with him, and he told me the car was stolen. ·I told him I did not want to go with him, but he said, 'No, come on along and we will strip this car.' We went west and south of the Murphy schoolhouse. He started to tear down a fence, and I stepped on the post and held the wire while he drove over it into some weeds and brush. We then took off the tires from the car, three tires and rims were complete and one casing. We took the tires about twenty-five yards away from the car and laid the tires on the ground and came back to town on foot part way and caught a ride the rest of the way. Alfonso then said, 'Let's get someone to buy the tires.' Alfonso got Chick Clayton to drive him out in the country to get the tires. I waited at

the Lincoln schoolhouse, and when he came back he gave me $2.50 for my share. He told me he had sold the tires.''

Aguilar, on the stand, admitted the stealing of the car from the corner of Second and Adams Streets, in the city of Phoenix, and that after stripping the same he sold the tires for $8. He denied absolutely that the defendant herein had anything to do with the stealing of the car or the sale of the tires, but in response to the question, "Did you pay any of this money to Leo Pass?" stated that he paid him $2.50 because he owed him the money. The above statement of the defendant and the extract from the testimony of Aguilar are the only portions of the evidence which in any way, shape, or fashion connect defendant with the larceny. Either separately or together, they show, at most, that he was an accessory after the fact or a receiver of stolen goods, as the larceny must have been fully completed at the time he first knew of it, while he was informed against and convicted as a principal in the crime of larceny. While the evidence would have sustained a conviction of being an accessory after the fact to the larceny of the automobile described in the information, or of receiving stolen goods, it is entirely insufficient on which to base a verdict of guilty of the offense set up. A defendant may not be charged with one crime and then convicted thereof on proof of an entirely different offense.

The judgment is reversed and the case remanded to the superior court of Maricopa county for a new trial.

ROSS, C. J., and McALISTER, J., concur.