## BOB RILEY V. THE STATE.

No. 20953.  Delivered April 3, 1940.
Rehearing Denied May 15, 1940.

The opinion states the case.

*E. B. Lewis,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of a hog. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant's first and principal contention is that the evidence is insufficient to warrant and sustain his conviction. A careful review of the testimony as disclosed by the record leads us to the conclusion that his contention is well founded. It appears from the testimony adduced by the State that sometime during the latter part of July, 1939, Dave Connell missed one of his hogs which was running on the range. He described the hog which he lost as a black sow with white hair on left shoulder, some white specks about her head and hams. John Corder testified that on the 7th day of September, he loaned Donese Riley and Acquilla Hughes a rope with which to tie one of Dave Connell's hogs. The boys had caught the hog on the river bank approximately one-half mile from appellant's home. They loaded the hog in a car and carried it away, telling Corder at the time that it was Connell's hog. The appellant was not with the boys when they caught and loaded the hog. Alvie Tom Strong testified that he purchased a big spotted sow from Donese Riley and Acquilla Hughes. The hog was in a pen or stall on appellant's place at the time. Donese and Acquilla helped load the hog in the witness' truck. Appellant was not present when this transaction took place. Acquilla Hughes testified that he and Donese caught the hog in the Sabine River bottom; that he did not know whose it was until they had caught it. Donese held her while he (Acquilla) went after a rope. They carried her to appellant's home where appellant assisted them in untying her. They then sold her to Strong for $8.00. Acquilla also testified that appellant was not present when they sold and delivered the hog to Strong.

The foregoing is a brief statement of the salient and pertinent facts proved by the State. It will be noted that the only testimony which tends to connect the appellant at all with the hog comes from the self-confessed thief who (if appellant had any connection with the theft of the hog) was an accomplice and whose testimony is not corroborated by anyone as required by law. Even if such testimony on the part of said witness were corroborated, it would not connect appellant with the original taking of the particular hog. It, at most, would make appellant only a receiver and concealer of stolen property. In order to constitute appellant a principal, there must

be some evidence showing an acting together in the commission of the offense charged. Mere knowledge that an offense has been committed, or mere presence when an offense is committed by another does not, standing alone, make one a principal offender. Arts. 65 and 66, P. C., define the term "principal" but the testimony in this case fails to bring appellant within the definitions therein set out. Consequently, appellant's contention as regards the sufficiency of the evidence must, of necessity, be sustained.

There are other questions presented by proper bills of exception, but in view of the disposition we are making of the case, we do not deem it necessary to discuss them.

Having reached the conclusion that the evidence is insufficient to sustain appellant's conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed motion in this case for rehearing and principally relies upon evidence showing that appellant was in possession of the hog that had been stolen for the purpose of corroborating the accomplice witness.

The record reveals that the accomplice witness, together with the other parties involved, caught the hog and borrowed a rope to tie it, which fact was corroborated by another State witness who says that appellant was not present. It is, therefore, apparent from the record that appellant was not present at the time and place where the hog was stolen. His subsequent possession of the hog at a different place would be evidence of the theft and corroborative of the accomplice witness had there been no testimony whatever throwing any light on the circumstances under which the hog was stolen and of the parties present.

Under the instant case, however, we think that this court has properly held that the presence of the hog in the barn of appellant some distance away from the place it was stolen does not corroborate the evidence of the accomplice witness as to what took place at the time the hog was caught, tied and taken

away. Looman v. State, 39 S. W. 571 is not authority for the position taken by the State. The story there given was that the accomplice entered a house at the suggestion of appellant, stole a gun and gave it to him. He was afterwards found in possession of the gun. Had it been shown that Looman was not personally present and took no part in the theft of the gun, his subsequent possession of it would have presented facts similar to the one before us, but the holding of this court would likely have been different. Similar reasoning will dispose of Allen v. State, 262 S. W. 502. We fail also to find anything in Allen v. State, 25 S. W. (2d) 850 to be helpful on the subject. The particular question before us is not treated.

The State's motion for rehearing is overruled.