GROVER DIXON V. THE STATE.

No. 21139. Delivered October 16, 1940.
Rehearing Denied November 27, 1940.

The opinion states the case.

*Henry Taylor,* of Temple, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in Mills County on indictment charging that he had received and concealed certain personal property of the value of $50.00 which had been stolen from. Wilbur Waggoner. He is alleged to have received the same from Hugh Kennedy and Harrison White. The injured party operated a filling station in Center City. His place was burglarized on May 9, 1939, at about three or four o'clock in the morning. The next day the property taken was recovered at some place in a pasture belonging to appellant and, "back of his house," but the distance is not given except that it was farther than 600 yards.

The State relies on the testimony of Harrison White, who was an accomplice, for the purpose of connecting appellant with the offense charged against him. The only corroborating evidence which could be relied upon is the circumstance that the property was found on his premises. It is not shown, however, that the appellant knew anything about the property being there except by the testimony of the accomplice witness, who, likewise, had testified that he and his companion placed it there at a late hour during the night and only a few hours before it was discovered. When the property was discovered appellant was in his field plowing and not shown to be anywhere near the property.

We consider the circumstances insufficient corroboration of the evidence of the accomplice to support a conviction. The location of the property on his premises is not shown to be near his home, and there is no indication that appellant had any knowledge it was there, except the evidence of the accomplice.

Inasmuch as the testimony of the witness accounted for the property being there, and because it is not shown that the appellant knew it was there, it was not incumbent upon appellant to explain it. Riley v. State, 139 S. W. (2d) 802, and authorities there discussed.

The case is reversed and remanded for a new trial.

## ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Through the Hon. James K. Evetts, District Attorney, the State has filed its motion for a rehearing which was very ably and earnestly presented in oral argument by the District Attorney.

It is his contention that the facts testified to by the non-accomplice witnesses sufficiently corroborate the accomplice to meet the requirement of the law. Such contention challenged our attention and has caused us to again critically examine the record before us, and after having done so, we remain of the opinion that the corroboration is not sufficient.

The motion for rehearing is overruled.