### EDGAR PICKENS v. THE STATE.

No. 23225. Delivered November 28, 1945.

The opinion states the case.

*M. L. Bennett,* of Normangee, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of hogs. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant sincerely contends that the evidence is insufficient to sustain his conviction because the State's testimony fails to corroborate that of Leslie Gaskins, a confessed accomplice. This witness testified that on Thursday, January 25th, he and appellant built a pen out of hog wire in an old field which had grown up in brush and saplings; that on 'the following day they went' to Mr. Jones' hog pasture, drove seventeen hogs out and took them to the newly constructed pen; that on Sunday appellant sent the hogs by truck to Fort Worth, sold them and had the check made payable to his daughter, Mrs. Maudine Coburn; that thereafter, appellant turned the check over to the Gaskins to be cashed; that he (Gaskins) took the check to the bank, indorsed the same, obtained the money and then divided it equally between appellant and himself.

The party who carried the hogs to Fort Worth testified that he was employed by appellant to carry them to that city; that he was to sell thirteen of the hogs as the property of appellant's daughter (Mrs. Coburn) and four of them as his own; that in selling the hogs he complied with the instructions given him by appellant; that the Jary Commission Company issued a check in the sum of $203.08, payable to Mrs. Maudine Coburn, which he in turn delivered to appellant.

Mr. Jones testified that he missed eighteen hogs in the latter part of January; that a day or two later he found one dead hog; that he found hog tracks leading from his pasture in the direction of where the newly constructed pen was located; that he also found human tracks which indicated that two men on foot had driven the hogs from his pasture.

Appellant testified in his own behalf and admitted that he engaged a trucker to carry the hogs to Fort Worth and sell them

through the Jary Commission Company; that the check, payable to Mrs. Maudine Coburn, was delivered to him, and that he in turn gave it to Leslie Gaskins. He denied having anything to do with the theft of the hogs. He claimed that on Friday before the hogs were carried to Fort Worth he purchased seventeen hogs from Leslie Gaskins.

Gaskins being an accomplice, the State was required to corroborate him by facts and circumstances. What fact or circumstance has the State proved to corroborate the accomplice witness which would connect appellant with the commission of the theft of the hogs? Only footprints which indicated that two parties drove the hogs from Jones' pasture, but no evidence was produced showing that one of the tracks was made by appellant's shoes. Hence, this would not be sufficient to show that he was one of the parties who drove the hogs from the pasture. See Thomas v. State, 189 S. W. (2d) 621. The fact that appellant engaged a trucker to take the hogs to Fort Worth and sell them would not connect him with the original taking, because it is consistent with his testimony that he purchased the animals from Gaskins. If Gaskins put the hogs in the pen then the theft was complete, and any subsequent connection by appellant with the hogs would not make him guilty of the offense of theft, although he knew they were stolen, but might make him guilty of receiving and concealing stolen property. See Riley v. State, 139 S. W. (2d) 802; Buchanan v. State, 26 Tex. Cr. App. 52; Boyd v. State, 24 Tex. App. 570; Reyna, et al v. State, 77 Tex. Cr. R. 584; Grace v. State, 83 Tex. Cr. R. 442; Sweeden v. State, 91 Tex. Cr. R. 365.

By a bill of exception appellant complains of the admission in evidence of his former conviction in the year 1936 of an offense of the character as the one for which he was on trial in the instant case. He objected thereto on the ground of remoteness. The State, for the purpose of enhancing his punishment in the event of his conviction in the instant case, charged such former conviction in the indictment. We do not know of any case in which this court has held that evidence of the former conviction of the accused which occurred some nine or ten years prior to the commission of the offense for which he was then on trial as being too remote. However, we do not deem it necessary to here decide the question since the jury merely found him guilty of the primary offense charged and failed to make any finding relative to his prior conviction in the year 1936 of an offense of like character. Consequently no harm resulted to the appellant from the introduction of said evidence.

Having reached the conclusion that the evidence is insufficient to sustain his conviction of the primary offense charged in the indictment, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.