ODIS ELLIS v. STATE.

No. 24339. April 13, 1949.

No attorney on appeal for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the State.

DAVIDSON, Judge.

This is a conviction for misdemeanor theft; the punishment, a fine of one hundred dollars and ninety days in jail.

The cotton field of Chapman, the injured party, lay parallel with and about fifty yars from a public highway. On the day of September 15, 1948, Chapman and another person picked cotton from his field and left it, together with two cotton sacks and a pair of knee-pads, in a wagon in the field overnight. The next morning it was discovered that the cotton sacks, knee-pads, and one hundred sixty-eight pounds of the seed cotton were missing. The value of the cotton was eleven and a quarter cents per pound, the sacks two dollars each, and the knee-pads fifty cents.

Chapman, upon discovering the theft, notified the officers. There were found some car tracks showing that an automobile had been driven to and stopped at a point between the highway and the south fence of Chapman's land. Foot tracks were discovered leading from the automobile to the wagon and back to the automobile. The officers, after taking plaster casts of the tire tracks, went to the home of Coy Ellis, the father of appellant, who lived—as the witness said—"not far distant." There they saw parked in front of Coy Ellis' house an automobile with tires which appeared to correspond to the plaster casts. Inquiry was made of Coy Ellis as to whom the automobile belonged. He replied that it belonged to appellant, who was standing nearby. Appellant was then asked who had driven his car within the last week or two, to which question appellant replied, "Nobody has driven that car except me." Appellant was then asked if he would drive the car up the road to see the kind of tracks it made. To this appellant readily agreed. Appellant and one of the officers got into the automobile and drove it to the point where the automobile had been stopped near Chapman's cotton field. There the tracks and the tires on appellant's automobile were compared and, as one of the witnesses said, they "were identical." No foot or automobile tracks other than those described were found at the wagon or vicinity thereof.

There was found in appellant's car a single boll of seed cot-

ton. Appellant's house was searched and no seed cotton or any of the other stolen articles were found as a result of the search.

Appellant denied the theft and any knowledge relative thereto.. He denied that he had driven his automobile to the point where the state claimed it had been driven. He explained the presence of the single boll of seed cotton found in his automobile by saying that he had sold some seed cotton a few days prior to the theft from land cultivated by him.

The state made no effort to identify the foot tracks leading from the automobile to the wagon and back as having been made by appellant. The fact that the officers could have made this comparison and did not do so strongly suggests that these foot tracks were not made by appellant. There was no evidence that the boll of seed cotton was of the kind, variety, or general description as that stolen.

In its final analysis, then, appellant's guilt is made to depend upon facts deemed sufficient to show that he drove his automobile to and stopped it near the wagon containing the stolen property, and that some person other than the appellant went from the automobile to the wagon, stole the seed cotton, cotton sacks, and knee-pads, and returned with these to appellant's automobile.

The facts not being sufficient to show that appellant was the perpetrator of the theft, his guilt must, of necessity, depend upon an application of the law of principals—that is, that he was present and aided in the commission of the theft by another, or that he agreed to the theft and was present when the offense was committed.

The evidence is insufficient to so show. As supporting this conclusion, see Sweeden v. State, 91 Tex. Cr. R. 365, 239 S. W. 615.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded.

Opinion approved by the Court.