### UNITED STATES v. NOBLE et al.

(District Court, D. Montana. December 27, 1923.)

No. 4271.

1. **Criminal law ⚬⚬959—Refusal of time to file affidavit in support of new trial held proper.**

    Where N. and P. were convicted of crime, and at hearing of motion for new trial in N.'s behalf an affidavit was presented, stating that, "prior to" the trial, juror had expressed hatred and enmity towards N., and prosecution was given time to meet this affidavit, P.'s request for time to file affidavits on his behalf *held* properly denied.

2. **Criminal law ⚬⚬936(4)—Testimony of codefendant held not prejudicial surprise.**

    On trial of F. and N., the testimony of F. that false entries were made under N.'s direction *held* not prejudicial surprise, supporting motion for new trial, though N. supposed he would testify that only the earlier entries were so made, where the earlier entries supported the conviction, N. denied that any of the entries were made under his direction, and available witnesses were not called to prove F.'s former attitude.

3. **Criminal law ⚬⚬936(4)—Not granted for surprise, in absence of claim of mistrial.**

    If defendants were surprised by testimony of a codefendant, they should have interposed objection and claimed mistrial, and, having passed it by, and gambled for and lost the verdict, it is too late to allege surprise as ground for a new trial.

4. **Criminal law ⚬⚬622(2)—When antagonistic defenses require separate trial.**

    Antagonistic defenses, calculated to prejudice one of several defendants jointly accused, will move the discretion of the court to grant that one a separate trial, but is not ground therefor in behalf of the others.

5. **Criminal law ⚬⚬508(1)—Codefendant may be called as witness.**

    A codefendant, being willing, may be called as a witness for the prosecution.

6. **Criminal law ⚬⚬636(2,7)—Right to be present waived by one on bail voluntarily absenting himself.**

    Though defendant is entitled to be present during all the proceedings of the trial, this right may be and is waived, if he on bail voluntarily

⚬⚬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

294 F.—44

absents himself during the trial's progress, and a defendant so absent cannot complain of supplementary instructions given publicly to the jury in the courtroom, without notice to parties or counsel.

Robert B. Noble and another were convicted of making false entries, in violation of the national banking laws, and move for a new trial. Motions denied.

John L. Slattery, U. S. Atty., of Helena, Mont.

J. W. Speer, of Great Falls, Mont., for defendant Noble.

Henry C. Smith, of Helena, Mont., and La Rue Smith, H. R. Eicke-meyer, and Wm. F. O'Leary, all of Great Falls, Mont., for defendant Peters.

BOURQUIN, District Judge. Defendants Noble and Peters, with one Funk jointly accused and tried, were convicted of making false entries in violation of the national banking laws, and separately move for new trial. The motions are of "catch-all" variety, and the only grounds thereof requiring particular consideration are (1) misconduct of jurors, in that they entertained prejudice against defendants and concealed and denied it upon voir dire; (2) accident and surprise, in that prior to trial Funk inspired defendants to believe his defense was consistent with theirs, but testified otherwise, to shield himself by implicating Noble; (3) irregularity in the proceedings of the court, in that supplementary instructions were by the court given to the jury, without notice to, and in the absence of, defendants and counsel.

[1] At the hearing of the motion, in Noble's behalf, an affidavit by husband and wife was presented, that, at a time fixed only as "prior to" the trial, Juror Woolman had expressed hatred and enmity towards Noble. The prosecution was given time to meet, if it could, this affidavit. Thereupon Peters' counsel requested "time to file affidavits on behalf of defendant Peters; we did not know until just now that they filed such an affidavit in respect to the juror." Obviously in this was no reason to grant time, but ample reason to deny it, as was done.

When the motion was finally heard, defendants, with the prosecution's consent, presented affidavits against Juror Reed, that "prior to" trial he had expressed prejudice against all bankers. Oral testimony was received from both jurors and the affiants first aforesaid, and upon due consideration of the whole the court finds that the burden upon defendants to prove by the greater weight of the evidence the misconduct alleged against these jurors has not been sustained. On the contrary, the court finds that neither juror entertained the prejudice alleged, and that both were free from prejudice, and were impartial and fair as on voir dire they represented themselves to be.

[2, 3] In so far as Funk testified that all the false entries were made by him upon Noble's directions, the surprise is based upon the ground that prior to trial he led defendants to believe he would testify that only the earlier entries were so made upon Noble's directions, and that the later entries were made upon one Carlson's directions. In this is no prejudicial surprise, for that (1) on the witness stand Funk admitted the fact, but that Noble's counsel knew prior to trial that Funk would testify as he did; (2) subsequent to Funk, Noble testified that

he directed none of the entries; (3) defendants had in court and available as witnesses those who knew Funk's former attitude, yet failed to call them; (4) the earlier false entries suffice to sustain the conviction and judgment, and are unaffected by the element of surprise; (5) defendants should have interposed objection when Funk testified, and then claimed mistrial. Having passed it by, and gambled for and lost the verdict, it is too late to allege surprise therein as ground for new trial.

Funk's testimony adverse to Noble would not have required severance in trial (see cases in 16 C. Jur. 786), and so is no reason for new trial.

[4, 5] Antagonistic defenses calculated to prejudice one of several defendants jointly accused will move the discretion of the court to grant that one a separate trial (U. S. v. Marchant, 12 Wheat. 480, 6 L. Ed. 700; U. S. v. Ball, 163 U. S. 672, 16 Sup. Ct. 1192, 41 L. Ed. 300), but is not ground therefor in behalf of the others. It suffices to say without detail that joint trial might have been prejudicial to Funk, but not to these moving defendants; for amongst other reasons, the moving defendants' letters in solicitation of the fictitious loans that were the basis of the earlier false entries might not have been admissible against Funk separately tried, and he, willing as defendants contend, could have been called as a witness for the prosecution in any case. Wolfson v. U. S., 101 Fed. 430, 41 C. C. A. 422.

The defendants were on bail before and during all proceedings of the trial of near four days, and they and their counsel came and went at will. At no time did they solicit leave to absent themselves or advise the court when or where. Instructions to the jury were concluded at 5 p. m., and as part thereof the court stated it would be in attendance until 9 p. m., for any supplementary instructions the jury might require. At 7:50 p. m., the jury requested that their recollection of evidence and instructions be refreshed, which was done by the court in session, a public audience present, but not defendants or their counsel. The next day court convened, like cases against these defendants, present with counsel, were continued, the court rose, at 11 a. m. the jury again requested as aforesaid, granted by the court in session a public audience, but not these defendants or counsel in attendance, and at 1 p. m. the jury returned its verdict.

It is the rule and practice of this court for more than 12 years that defendants on bail be not taken into custody at and during trial; that, present when trial for felony begins, defendants and counsel thereafter control their own movements, in particular while the jury deliberates upon its verdict; that at any reasonable time the court will sit to grant any of the jury's request for refreshment of recollection or for supplementary instructions; that therein the court neither searches nor waits for defendants or counsel. All members of this bar know of this rule and practice, and heretofore defendants' counsel have taken the benefit of it. In these circumstances, it is a grave query of ethics, if not of law, whether they and their clients, taking the benefit of the rule and practice, be not estopped to assign error upon it. But therein is no error.

[6] Whether these defendants were tried for misdemeanors or felonies, the law is that, though a defendant is entitled to be present dur-

ing all the proceedings of the trial, this right may be and is waived, if he on bail voluntarily absents himself during the trial's progress. For otherwise no trial but could be designedly defeated, at least where statutes permit bail to be enjoyed throughout the trial. See Diaz v. U. S., 223 U. S. 455, 32 Sup. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C, 1138; Hagen v. U. S. (C. C. A.) 268 Fed. 347; Cases in 16 C. Jur. 813, 817. See, also, Frank v. Mangum, 237 U. S. 341, 35 Sup. Ct. 582, 59 L. Ed. 969.

Fillippon v. Co., 250 U. S. 81, 39 Sup. Ct. 435, 63 L. Ed. 853, is not otherwise. It involves what may be characterized as written supplementary instructions by the judge privately sent to the jury, and not, as here, instructions by the court in session publicly given to the jury. And this vital distinction and difference is the gist and reason of the Fillippon Case. Wherein the Supreme Court observes that supplementary instructions "ought to be given either in the presence of counsel, or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object," it is inspired by the objectionable circumstances of that case; for it proceeds that "under ordinary circumstances and wherever practicable the jury ought to be recalled to the court room, where counsel are entitled to anticipate and bound to presume, in the absence of notice to the contrary, that all proceedings in the trial will be had." That is to say, any instructions by the judge to the jury elsewhere than in the courtroom are not to be anticipated by parties or counsel, and are erroneous, if not after special notice to them; but a jury out may request supplementary instructions at any time, to grant them the court may convene at any time, parties and counsel are bound to anticipate the event, bound to presume the request will be forthwith granted in the court room, bound to be in attendance there at all reasonable hours, and also otherwise, if advised by special notice, rule, or practice. And if this their duty, which is but the correlative of their right, is evaded or not discharged by parties or counsel, if they voluntarily absent themselves, they waive their right, and supplementary instructions thus given afford no basis for error.

The reason for the rule that all proceedings of the trial shall be with accused or counsel present fails when they are voluntarily absent, and the rule fails with it. It is the duty of parties and counsel to wait upon the court, not the court upon them. This is emphasized in criminal trials wherein defendants, as here, are at large only by indulgence of the court, and wherein they and counsel take the benefit of the rule and practice that, at their own hazard, they may absent themselves during reasonable hours, and also during unreasonable hours in which they are expressly advised the court may sit.

In these circumstances judge and jury are not to cool their heels about the corridors until accused and counsel condescend to come into court; nor is there any obligation upon the court to dispatch messengers to the four quarters of the compass to search out and solicit them to do so. The court may presume accused and counsel are present or voluntarily absent, and so may lawfully proceed to conclude the trial, whether it be to give instructions or to receive verdicts.

The motions are denied.