### 18189.  WADE *v.* THE STATE.

1. "Rape, according to our code, being the carnal knowledge of a female forcibly and against her will, if the sexual act be accomplished with the mental consent and acquiescence of the female, and not in opposition to her will, the offense of rape is not committed, and, even though such consent be induced by the use of such a measure of force as might, under ordinary circumstances, serve to overcome her power of resistance, if, notwithstanding the use of such force, she finally consented to the sexual act and her will cease to operate against its consummation, the offense is not rape."

2. There was evidence sufficient to authorize the jury to find the defendant guilty of seduction, and the court did not err in overruling the motion for a new trial, which was based on the general grounds only.

DECIDED JULY 14, 1927.

Seduction; from Colquitt superior court—Judge W. E. Thomas. April 15, 1927.

*Waldo DeLoache,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.

LUKE, J.  The defendant was convicted of seduction. His counsel insists that "under the record the defendant is guilty of rape." There is much in the record to show that the sexual act was consummated as the result of force by intimidation, a threat to kill; and were we considering the evidence from the standpoint of jurymen, we might reach a conclusion different from the one here reached. However, we can not invade the province of the jury; and when there is evidence to support their

Criminal Law, 16 C. J. p. 1180, n. 74.
Rape, 33 Cyc. p. 1423, n. 55; p. 1424, n. 58, 59.
Seduction, 35 Cyc. p. 1358, n. 66.

finding on questions of fact, this court will not interfere. The woman alleged to have been seduced testified: "I did not yield to him until he made me do it, and would not have yielded then if I had not been engaged to him. Right there at that time and place [of the intercourse] he said we would get married in about two weeks, said he had already advertised the application for a marriage, posted the notice, he didn't say where, whatever notice or advertisement has to be run to get it. We stayed there where we had sexual intercourse about two hours. He took me home from there and came back to my house the next Saturday. . . The only words Jake said to me were to *persuade* me to do this, and threatened me. He told me he would *marry* me, had advertised and all. He told me that April 4, 1926, *at that time and place*. I had never had intercourse with him nor anybody else before that time nor since." The evidence showed that she stayed with the defendant a considerable time after the commission of the act; that he thereafter took her home; that she told no one about it for about two weeks; and that defendant came to her house the next Saturday. These facts would indicate that the crime was not that of rape; and there is some evidence to the effect that she yielded because of the defendant's promise, made at that time and place, to marry her. The record shows also that the act was committed while the parties were standing and that the woman became pregnant as a result thereof. "Rape, according to our code, being the carnal knowledge of a female forcibly and against her will, if the sexual act be accomplished with the mental consent and acquiescence of the female, and not in opposition to her will, the offense of rape is not committed, and, even though such consent be induced by the use of such a measure of force as might, under ordinary circumstances, serve to overcome her power of resistance, if, notwithstanding the use of such force, she finally consent to the sexual act and her will cease to operate against its consummation, the offense is not rape." *Mathews* v. *State,* 101 *Ga.* 547 (29 S. E. 424). See also *Avery* v. *State,* 12 *Ga. App.* 562 (4) (77 S. E. 892).

There was evidence sufficient to authorize the jury to find the defendant guilty of seduction; and, the case being here upon the general grounds only, the judgment overruling the motion for a new trial is

*Affirmed. Broyles, C. J., and Bloodworth, J., concur.*