## WILLINGHAM *v.* THE STATE.

DUCKWORTH, Justice. 1. While rape is the carnal knowledge of a female forcibly and against her will (Code, § 26-1301), and consent however reluctant is fatal to a conviction for rape (*Mathews* v. *State,* 101 *Ga.*

547, 29 S. E. 424; *Davis* v. *State*, 152 *Ga.* 320, 110 S. E. 18), yet consent induced by force or fear and intimidation does not amount to consent in law and does not prevent the intercourse from constituting rape. *Vanderford* v. *State*, 126 *Ga.* 753 (55 S. E. 1025); *Berry* v. *State*, 185 *Ga.* 334 (195 S. E. 172); *Byrd* v. *State*, 187 *Ga.* 328 (200 S. E. 671); *Rider* v. *State*, 195 *Ga.* 656 (25 S. E. 2d, 304).

2. While the admissions of the alleged female victim, who was 15 years of age and unmarried, that she had previously had sexual intercourse with other men, and that when the defendant requested her to have intercourse with him she replied that she could not because her people had told her not to do that, and her further admission that on her way, in company with the defendant, to the scene of the crime she saw a number of people whom she knew and made no complaint to them, might well have authorized the jury to have discredited her testimony to the effect that the intercourse with the defendant was induced by fear and against her consent, yet the jury did not so discredit her, and in determining her credibility the law makes the jury the sole judges. *Merritt* v. *State*, 190 *Ga.* 81 (8 S. E. 2d, 386).

3. The evidence, if credible, proved every element of the crime charged in the indictment, and the verdict of guilty conclusively shows that the jury believed the State's witnesses, and the fact that the jury fixed the punishment at from 2 to 5 years, while there were no mitigating circumstances, might indicate doubt, this does not overcome the conclusiveness on the question of doubt which is evidenced by the verdict of guilty. The motion for new trial, consisting of the general grounds and one special ground, which is merely an amplification of the general grounds that the evidence failed to show lack of consent, under the above rulings was without merit, and the court did not err in overruling the same.

*Judgment affirmed. All the Justices concur.*

No. 15583.   OCTOBER 8, 1946.

*Gordon B. Gann,* for plaintiff in error.

*Eugene Cook, Attorney-General, H. G. Vandiviere, Solicitor-General,* and *Margaret Hartson,* contra.