376 P.2d 554

**The STATE of Arizona, Appellee,**

v.

**Jose N. PARAMO, Appellant.**

**No. 1257.**

Supreme Court of Arizona

En Banc.

Dec. 5, 1962.

Rogge, Hillock & Stark, Tucson, for appellant.

Robert W. Pickrell, Atty. Gen., Phoenix, Jack I. Podret, County Atty., of Pima County, Tucson, Sidney L. Kain, Deputy County Atty., Tucson, for appellee.

LOCKWOOD, Justice.

Appellant was found guilty of the crime of petty theft, and appeals from that judgment and the denial of his motions in arrest of judgment and for a new trial.

The facts appear to be as follows: On Friday, February 21, 1961, defendant Paramo was employed on a construction job in Tucson, Arizona, where several sorority and fraternity houses were being built. During the evening of that day a night watchman employed at the construction site observed a pickup truck containing several persons driving around the construction site area, but did not recognize any of its occupants. No regular work was done on the site on Saturday or Sunday. Then on Sunday night the watchman saw the same truck drive around the area, and finally come to a stop. A little later he observed

a figure carrying a gasoline engine from the area toward the pickup truck. The watchman stopped the person carrying the engine, afterward identified as one Pisano, who dropped the engine, ran away from the scene, and was never apprehended or brought to trial. The watchman then approached and talked to the defendant, who was sitting in the driver's seat of the truck, accused him of theft and started to take him into custody when the defendant broke away from him, leaving the truck behind.

During the day of Friday, February 21st, the gasoline engine involved had been mounted on a plaster mixer and used in the construction processes. The owner of the engine, after recovering it, returned it to the mixer and continued to use it until the time of the trial.

The defendant did not return to work on Monday, but on Sunday evening about 10 P.M. took a bus to Hermosillo, Mexico, where he remained for some time. On June 19, 1961, he was again in Tucson working at another construction site for a different employer. Two plain-clothes detectives from the Tucson police department went to the site looking for him on a referral from defendant's wife. The defendant seeing the detectives ran from the site and hid in a nearby panel truck. He was later discovered hiding in the truck and taken to the police department, at which time he gave a statement to police officers admitting his participation in the theft of February 23rd.

Defendant's wife, appearing as a witness for the defense, testified that on the night of the 21st of February, the defendant was not at home and in his absence she had loaned his truck to Juan Pisano. Defendant, on the contrary, testified that he had been home all that evening and that his truck had been parked at his residence. He admitted going to the scene on Sunday evening with Pisano, plus parking and waiting in the truck while Pisano carried the engine toward the truck, but denied that he had any knowledge of Pisano's plans to steal the engine. He further denied that he had cruised the area before letting Pisano out.

Defendant alleges six assignments of error as the basis for his appeal. The first two deal with the failure of the trial court to give defendant's requested instructions Nos. 1 and 2.[1] By reading the in-

---

1. No. 1 is: "You are instructed that if there is a reasonable doubt in your mind that the defendant in this case had knowledge of the proposed commission of a theft by another person prior to the commission of the theft then you must acquit him of the crime with which he is charged."

No. 2 is: "You are instructed that if the defendant in this case had no part in taking the property alleged to have been stolen, his subsequent connection with it, even his assistance to the thief in carrying it away or secreting it or his intention to do so, will not render him guilty of the crime of theft."

structions as a whole we find that the jury was adequately instructed on the necessary intent the defendant would have to possess to be guilty of the crime charged, hence failure to give defendant's requested instruction No. 1 was not error.

■ The trial court was also correct in refusing to give defendant's requested instruction No. 2, as there was not sufficient evidence to support it. The record discloses that even though the engine may have been severed from the mixer sometime before Sunday night it had not been removed from the premises. Defendant claimed that this case fell within the purview of Pass v. State, 34 Ariz. 9, 267 P. 206 (1928), which held that when the larceny had come to an end, the person who merely assisted the thief in removing tires from the stolen automobile was not guilty of larceny as a principal. We hold here that since the asportation had not been completed and Pisano had not gained sufficient control anytime prior to Sunday night, the larceny had not come to an end before Pisano returned Sunday to pick up the engine.

■ Defendant next contends that there was error by the trial court in not granting a directed verdict or a new trial as the state completely failed to prove the monetary or market value of the property alleged to have been stolen. However, since the defendant was charged only with petty theft, there was no need to show the actual market value of the engine, but only that it had some value to the owner. State v. Andrews, 246 N.C. 561, 99 S.E.2d 745 (1957). The evidence did disclose that the engine had some actual value for it was used to give power to a plaster mixer, and after the night of the incident it was still used up until the time of the trial.

The defendant complains that the prosecution failed to prove the corpus delicti of the defendant's crime without his confession, therefore a verdict should have been granted in his favor, relying on State v. Hernandez, 83 Ariz. 279, 320 P.2d 467 (1958). In the Hernandez case, we held that the correct rule to establish corpus delicti is that there must appear proof (1) of a certain result, and (2) that someone is criminally responsible therefor; and that before a confession of the defendant may be used by the state, there must be other evidence tending to prove the corpus delicti. The charge against Hernandez was that he was *accessory* to the crime of kidnapping, in that after knowledge that the crime had been committed, he concealed it and harbored or protected the person who had committed it. The state in that case failed to offer sufficient proof, outside of the statements of the defendant, that anyone committed the crime of *concealing or harboring a person* who had committed another crime, which was the essence of the charge of being *accessory* to the crime. Defendant here was charged as an *accomplice,* in the crime

of petty theft, and under the provisions of A.R.S. § 13–139, an accomplice who aids and abets in the commission of a crime is chargeable as a *principal*.

■ The state therefore met the test of establishing corpus delicti, independent of defendant's statements, by presenting evidence that the watchman saw someone steal the engine, and that the defendant was aiding or abetting the theft.

■ Defendant's next assignment of error alleges prejudicial conduct by the prosecution in introducing evidence of the defendant having committed the unrelated crime of non-support of his family. This, however, was not the situation. The record shows that the prosecution was cross-examining the defendant concerning the time the plain-clothes policemen apprehended the defendant after he came back to Tucson and the following conversation took place:

"Q. How did you know they were officers?

"A. Because I told my wife, she going to complain for non-support."

It thus appears that it was the defendant himself who introduced this element into the case. A party may not invite error at the trial and then assign it as error on ap-

peal. State v. Vidalez, 89 Ariz. 215, 360 P. 2d 224 (1961).

■ Lastly, it is complained that the property alleged to have been stolen had a serial number engraved on it, yet the information failed to identify said property by serial number. Defendant relies on State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952) for the proposition that an information is defective when it does not sufficiently describe or identify the allegedly stolen articles. In that case six articles were stolen and the only description given them was "2 Sewing Machines, 1 Saw, 1 Radio, 2 Typewriters," which was found to be insufficient to permit the defendant to plead former jeopardy if he had been subsequently tried for the same stolen goods. In the present case, the information adequately described the engine in the following way: "One cement mixer motor, a Briggs & Stratton, 2½ horsepower, orange in color." During the trial the information was amended to include the serial number, which in and of itself would cure any technical error which might result in subjecting defendant to double jeopardy. We find no merit in this assignment.

The conviction is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concurring.