388 P.2d 429

**STATE of Arizona, Appellee,**

v.

**Valeria SORRELL, Appellant.**

**No. 1309.**

Supreme Court of Arizona.

In Division.

Jan. 23, 1964.

Rehearing Denied Feb. 19, 1964.

Robert W. Pickrell, Atty. Gen., David M. Lurie, Asst. Atty. Gen., Phoenix, for appellee.

Klass & Welliever, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice.

The appellant, Valeria Sorrell, was convicted of grand theft. The lower court denied a motion for new trial and this appeal followed.

The facts are as follows: Appellant was walking through a department store when the store detective, Helen Lipnick, noticed her. Lipnick followed the appellant to the ladies' suit department and watched the appellant select three suits and take them to a dressing room. From an adjoining dressing room, Lipnick observed the appellant hide the three suits under her full skirt. The appellant then started to leave the store. Lipnick followed her and noticed a sleeve of one of the suits hanging beneath appellant's skirt. Because of store policy, Lipnick made no attempt to apprehend the appellant while inside the store. Once outside the store, however, Lipnick caught up with the appellant and identified herself as a store detective, showing her credentials. The appellant threw the suits at Lipnick and then fled. When Lipnick finally stopped her in a nearby parking lot, the appellant was persuaded to return with the detective to the store where she was placed in police custody.

■ Appellant now contends that the arrest by Lipnick was illegal, that the seizure of the three suits was illegal, and, consequently, that these suits were inadmissible as evidence. We disagree. The statute provides when an arrest may be made by a private person:

"A private person may make an arrest:

"2. When a felony has been in fact committed and he has reasonable grounds to believe that the person to be arrested has committed it."

We have examined the record in this case and have concluded Lipnick made a valid private arrest. Lipnick fully complied with A.R.S. § 13–1409 which provides:

"A private person when making an arrest shall inform the person to be arrested of the intention to arrest him and the cause of the arrest, unless he is then engaged in the commission of an offense, or is pursued immediately after its commission or after an escape, or flees or forcibly resists before the person making the arrest has opportunity so to inform him, or when the giving of such information will imperil the arrest."

Lipnick stopped the appellant immediately, identified herself, and asked for the stolen suits. This was a valid private arrest. See Henderson v. United States Fidelity & Guaranty Co., 298 S.W. 404 (Tex.Com. App.1927); People v. Boss, 210 Cal. 245, 290 P. 881 (1930); Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 106 A.2d 587 (1954), cert. denied Garrison v. Commonwealth of Pa., 348 U.S. 879, 75 S.Ct. 120, 99 L.Ed. 692; Burkhardt v. State, 83 Tex.Cr.R. 228, 202 S.W. 513 (1918).

■■ Appellant next complains that the jurors were not free from bias because the jurors had previously served on juries for criminal trials within a year before the trial in the instant case. But the record does not indicate that any jurors either knew the appellant before the trial or had served as jurors in a theft criminal case. Nor was there any showing of actual bias. As this court stated in State v. Hilliard, 89 Ariz. 129, at 133, 359 P.2d 66, at 68 (1961):

"However, the trial court has the right to use its discretion on a challenge for cause, and so long as there has been no abuse of that discretion it will not be disturbed on appeal."

■ Appellant contends it was improper for the trial court to have admitted as evidence Lipnick's statements concerning the value of the stolen suits. The record shows, however, that any such references by Lipnick were stricken from the record. Consequently, no reversible error occurred if the evidence is not prejudicial. Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141, 1144, 125 A.L.R. 3 (1937). Agnes Harris, the assistant comptroller of the department store, testified as to the specific retail value of the

three stolen suits as being $119.95, $145.95 and $110.95, and the wholesale price as $65.75, $79.75 and $59.75. Therefore, Lipnick's testimony that the value of the suits totaled "over $50.00" was not prejudicial; at most, it was cumulative. State v. Woolery, 93 Ariz. 76, 378 P.2d 751 (1963). The testimony of Harris was admissible for the purpose of ascertaining the fair market value of the stolen property in order to grade the offense, i. e., to establish grand larceny as distinguished from petty larceny. Fair market value does not depend solely on wholesale or cost price. Evidence of retail price of stolen goods is admissible to show the value of the goods. H. K. Porter Company v. Halperin, 297 F.2d 442 (7th Cir. 1961); People v. Williams, 169 Cal. App.2d 400, 337 P.2d 134 (1959); People v. Irrizari, 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (1959); 32 Am.Jur. 888. The wholesale and retail prices, established by experts if necessary, may fix the range within which the jury may find fair market value. People v. Lizarraga, 122 Cal.App.2d 436, 264 P.2d 953 (1954). But where the wholesale and retail prices are both sufficient to establish grand theft, it is immaterial whether the computation of market value is by reference to the one or the other. People v. McGill, 82 Cal.App. 98, 255 P. 261 (1927).

■ Appellant objected to the testimony of Larry Bossler on the grounds the County Attorney had failed to endorse Bossler's name on the information at least five days prior to trial. But this Court has held that failure to endorse the name of a witness on the information does not automatically disqualify the witness from testifying. State v. Bagby, 83 Ariz. 83, 316 P.2d 941 (1957); State v. King, 66 Ariz. 42, 182 P.2d 915 (1947). In the instant case appellant's counsel did not move for a continuance upon learning Bossler would be called as a witness. Moreover, appellant's counsel had adequate opportunity to cross-examine Bossler.

■ Appellant argues that reversible error occurred when thirteen lines of testimony were admitted during the trial without appellant being present. The trial court assumed that appellant had voluntarily absented herself and, therefore, ruled pursuant to Rule 231(B), Arizona Rules of Criminal Procedure, 17 A.R.S., that the trial could proceed. But even if this ruling had been arbitrary, proceeding with the trial without defendant present was not reversible error under the circumstances of this case. Appellant was absent not more than seven minutes. Most of this time was consumed by argument between the appellant's counsel and the trial judge. No evidence of retail prices of the suits was introduced at this time. The only evidence admitted during appellant's absence was testimony by Harris regarding the wholesale price of one of the stolen suits. Since even the wholesale prices of the other two suits ex-

ceeded $50.00, this evidence admitted during appellant's absence was not prejudicial. Although proceeding with the trial when the appellant was not present was not technically correct, it does not furnish sufficient basis for reversal under these circumstances. State v. Ransom, 62 Ariz. 1, 152 P.2d 621 (1944); United States v. Noble, 294 F. 689 (D.C.Mont.1923), aff. 300 F. 689 (9th Cir. 1924); State v. Colbert, 344 S.W. 2d 115 (Mo.1961), cert. denied 369 U.S. 822, 82 S.Ct. 835, 7 L.Ed.2d 787.

■ Appellant next contends that reversible error was committed by the trial judge when he purportedly showed bias in favor of the State. We have examined the instances cited by appellant and find no showing of bias on the part of the trial judge. The trial judge merely attempted to confine the trial to the issues properly triable when he admonished the County Attorney to keep to the issue of the value of the suits and to restrict his questions to the property involved in the trial. This did not constitute reversible error. State v. Cassill, 70 Mont. 433, 227 P. 49 (1924); 5 Wharton's Criminal Law and Procedure, p. 169 (1954).

■ Appellant next assigns as error the failure of the lower court to direct a verdict of acquittal for appellant. But, as we have seen, the evidence of the three suits and their retail value was properly admitted. Since competent evidence had been admitted to support the charge of grand theft, the lower court properly denied appellant's motion for directed verdict. State v. King, supra.

■ Appellant next assigns as error the trial court's refusal to give certain instructions requested by appellant. When instructing the jury, the trial court in effect read A.R.S. §§ 13–1403 and 13–1404.[1] These two sections contain the phrase "reasonable grounds to believe." Appellant contends the mere recital of this phrase is not sufficient; the trial court should have instructed the jury as to probable cause for the arrest. The instructions requested by appellant were cumulative, since the trial court had adequately covered the subject matter of a reasonable ground to arrest appellant. We have repeatedly held that the trial court commits no error when refusing the request for a cumulative instruction. State v. Woolery, supra; State v. Paramo, 92 Ariz. 290, 376 P.2d 554 (1962).

■ Appellant claims the lower court erred in refusing to give an instruction concerning consent by an agent of the department store to the removal of the three suits by appellant. The issue of consent is not

1. Section 13–1403 sets out the requirements for arrest by an officer without a warrant and § 13–1404 indicates requirements for arrest by a private person.

involved in this case. The owner of a store exposes himself to lawsuits based on false arrest and imprisonment if he stops every person he suspects of shoplifting before the supposed culprit leaves the store. See "Shoplifting and the Law of Arrest: A Problem in Effective Social Legislation," 19 Md.Law Rev. 28 (1959); "The Protection and Recapture of Merchandise from Shoplifters," 46 Ill.Law Rev. 887 (1952). Consequently, to argue that the department store consented to appellant's taking the suits outside the store manufactures an issue with no ingredients from the facts in this case. Therefore, the trial court properly refused such an instruction. State v. Paramo, supra.

 And finally, we will not disturb a lower court's denial of a motion for new trial when it appears there was no abuse of discretion. State of Arizona v. Quintana, 92 Ariz. 267, 376 P.2d 130; State v. Milton, 85 Ariz. 69, 331 P.2d 846 (1958). Nor will we weigh the evidence on a claim that the verdict is contrary to the law and to the evidence unless there is an absence of substantial evidence supporting defendant's guilt. State v. Paramo, supra; State v. Woolery, supra. Consequently, we find no merit to appellant's contentions.

Judgment affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.