420 P.2d 930

The **STATE** of Arizona, Appellee,

v.

Ernest G. **DENTON**, Appellant.

No. 1654.

Supreme Court of Arizona.

In Banc.

Nov. 23, 1966.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., for appellee.

Clampitt, Videen & Berlat, Tucson, for appellant.

BERNSTEIN, Vice Chief Justice.

Defendant appeals from convictions in the Superior Court of Pima County on one count of rape and two counts of attempted rape. The attempted rape charges were tried August 17, 1965 and the rape charge was tried September 9, 1965. All three convictions are presented on this appeal.

■ The facts taken in a manner most favorable to support the verdict below, State v. Reyes, 99 Ariz. 257, 408 P.2d 400, are as follows: On the evening of April 19, 1965 the defendant entered a Tucson laundromat occupied only by the complaining witness, a 43-year-old mother of 13 children. The defendant grabbed her by the arm and pulled her to the rear of the store where the act was committed. Her dress was torn as she fought the defendant, but she ultimately submitted to the act because she feared he would kill her if she continued to resist. The defendant testified that he only wanted to hurt the woman, not rape her. He admitted that he grabbed her and tore her dress during a brief struggle, but said she eventually consented although he did not know whether he achieved penetration.

The defendant's signed confession was admitted into evidence after a hearing out of the jury's presence and after a determination of voluntariness was made. In the statement the defendant admitted his guilt:

"Q. Do you remember going into the laundromat on that time and date?

"A. Yes.

"Q. Why did you go into the laundromat?

"A. I went in to attack the woman."
 * * * * * *

"Q. Did you actually succeed in having intercourse with the woman?

"A. Yes."

 * * * * * *

"Q. Did this lady consent to you doing this to her?

"A. No."

At the trial on the two attempted rape charges, the first complaining witness testified that on the evening of October 20, 1964 she was cleaning the inside of her automobile at a commercial car wash when the defendant came up behind her and pushed her across the front seat. He tried to remove her shorts, ripped her blouse and brassiere and said "Come on". The attack stopped after she managed to start honking the car horn.

The other complaining witness testified that on the evening of November 14, 1964 she was walking home when the defendant grabbed her, threw her to the ground and tore her undergarments. He was frightened off by the headlights of an approaching automobile. The defendant testified that he just wanted to "hurt" and "touch" the women.

His signed confessions of both crimes were admitted into evidence after a hearing out of the jury's presence on the issue of voluntariness. In a statement in regard to the October 20, 1964 occurrence the defendant said he approached the woman at the car wash to try and rape her, that he tried to tear off her clothes but left because he was afraid her honking the horn would attract attention. In a statement in regards to the November 14, 1964 occurrence he said that he attacked the woman walking along the street and was going to rape her.

■ Defendant's first contention is that there is no crime of attempted rape in Arizona. He directs our attention to the fact that A.R.S. § 13–614 provides that the maximum penalty for first degree rape is five years to life imprisonment. The pertinent part of A.R.S. § 13–110 provides that if the offense attempted is punishable by five years or more a person convicted of an attempt will be sentenced to

"a term not exceeding one half the longest term of imprisonment prescribed

upon conviction of the offense so attempted."

Since it is impossible to predict the life expectancy of any particular person, it is impossible to impose punishment of one half his life expectancy. Defendant concludes there can be no crime of attempted rape because a criminal statute must contain a definite penalty. This court rejected defendant's argument in State v. Mandel, 78 Ariz. 226, 278 P.2d 413 in which we held that:

" * * * (W)here a court is given the discretion to fix a period of years to life, it can take as the prescribed maximum such period of years as it deems proper as a base maximum and impose a sentence for the attempt at not to exceed one-half such base maximum." 78 Ariz. at 231, 278 P.2d at 417.

 Defendant next argues that the signed confessions admitted into evidence were not voluntarily given. At each trial the judge conducted a hearing out of the presence of the jury to determine the issue of voluntariness. All of the defendant's confessions were taken the same day. The police officers testified how they advised defendant of his rights before they asked him any questions. Their testimony is supported by the signed statements which recite in detail how defendant was advised. Defendant's claim of involuntariness is based upon his belief that he would get the psychiatric help he needed if he cooperated with the interrogating officers. The officers denied that they offered or defendant requested medical attention of any kind. The trial court must resolve such conflicts in the evidence and we will affirm its determination of voluntariness if there is substantial evidence to support it. State v. Rivera, 94 Ariz. 45, 381 P.2d 584. The record is clear that the courts did not abuse their discretion in admitting the confessions. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

 Defendant next argues that the trial court committed prejudicial error in the rape trial by allowing the officer who

witnessed defendant's confessions and was the complaining witness to remain in the courtroom while defendant testified during the hearing to determine the voluntariness of the confessions. The rule of exclusion had been invoked. Exclusion of witnesses is within the discretion of the trial court whose decision will not be disturbed unless an abuse of discretion and the resulting prejudice is shown. State v. Sowards, 99 Ariz. 22, 406 P.2d 202; State v. Armenta, 98 Ariz. 152, 402 P.2d 571. Defendant has not shown or suggested any prejudice. We hold that the trial court did not abuse its discretion.

 Defendant next contends that the trial court in the rape case erred in refusing to give two requested instructions. They are:

1. "The absence of consent is necessary for the crime of rape, and even where the resistance is genuine and vigorous in the beginning, if the physical contact arouses the passion of the woman to the extent that she willingly yields herself to the sexual act before penetration has been accomplished, *or if she so yields before this time for any other reason*, it is not rape." Wade v. State, 37 Ga.App. 121, 138 S.E. 921. (Emphasis added)

2. "In the absence of intimidation, the female must resist to the utmost of her ability, and such resistance must continue til the offense is complete, or it is not rape." Reidhead v. State, 31 Ariz. 70, 250 P. 366.

The second requested instruction applies only where there is a conflict in the evidence as to the "absence of intimidation". Reidhead v. State, supra. We find no such conflict in the present case. The testimony of the defendant included statements that he "grabbed (the woman) by the arm", pulled her to the back of the laundromat where he "started to attack her", with an admitted will "to hurt the woman". The record also indicates that not only were the victim's dress and undergarments ripped but includes testimony that she was not only

afraid for her life, but also for the welfare of her children. Under the circumstances, finding no evidence to indicate that the victim was not intimidated, we find no error in failing to give the requested instruction. We note also that the trial court's instructions as a whole generally covered the requested instruction.

 The first requested instruction is, where emphasized, an erroneous statement of the law. A defendant remains guilty of rape though the woman yields for reasons other than the fact that she becomes aroused and consents. For example, consent induced by force or fear and intimidation does not amount to consent in law and does not prevent the intercourse from being rape. Willingham v. State, 201 Ga. 339, 39 S.E.2d 751. The first part of the requested instruction correctly states that the absence of consent is necessary for the crime of rape. However, the trial court had previously instructed the jury on that principle and did not err in refusing to give a cumulative instruction. State v. Sorrell, 95 Ariz. 220, 388 P.2d 429. It is well settled that the trial court need not give requested instructions that are incorrect or inapplicable. State v. Colvin, 81 Ariz. 388, 307 P.2d 98; State v. Lovell, 97 Ariz. 269, 399 P.2d 674.

Defendant next contends that both prison sentences are void and should be vacated because he was insane when sentenced. The record shows that after the attempted rape trial the defendant was found to be mentally ill and committed for treatment on August 26, 1965. He was released for the September 10th trial on the rape charge for which he was sentenced to 10–15 years on September 24th. On October 15th he received a concurrent 2–5 year term on the attempted rape convictions. The defendant remained committed throughout this period although the psychiatrists agreed that he understood the nature of the proceedings and could assist counsel in his own defense.

Defendant contends the sentences are void by virtue of Rule 333, Criminal Rules of Procedure, 17 A.R.S., which provides that an insane defendant shall be committed, not sentenced. The argument is without merit. In State v. Buchanan, 94 Ariz. 100, 381 P.2d 954 we held that a defendant can be criminally tried and sentenced if he can understand the nature of the proceedings against him and assist in his defense though he has been certified as incompetent and committed for the treatment of a mental illness. See also State v. Sheriff of Pima County, 97 Ariz. 42, 396 P.2d 613.

Defendant's final argument is that the verdicts are contrary to the evidence. We have reviewed the record and find this contention to be without merit.

Affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.