**Francis P. JONES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9213.**

District of Columbia Court of Appeals.

Submitted Aug. 12, 1975.

Decided Sept. 12, 1975.

Rosemary Boyd Avery, Washington, D. C., appointed by this court, for appellant.

Hamilton P. Fox, III, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty.,

John A. Terry and Judith Hetherton, Asst. U. S. Attys., were on the brief for appellee. Robert P. Palmer, Asst. U. S. Atty., entered an appearance for appellee.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

PER CURIAM:

This case was submitted on the record of the Superior Court, Criminal Division, and the briefs of the parties. Appellant was convicted in a jury trial of receiving stolen property, specifically automobile license tags, in violation of D.C.Code 1973, § 22–2205.[1] He appeals from the court's denial of his motion for judgment of acquittal as well as its denial of his motion for a judgment n. o. v. We affirm.

The facts show that during the time involved here the complainant's car, duly licensed and displaying current license tags, was parked in a parking lot in Southeast Washington. The car had developed transmission problems necessitating its being towed and left in the lot, which was across the street from a repair shop, while the complainant attempted to raise money for the necessary repairs. About a week after the car had been towed, the complainant discovered that the license tags were missing and immediately reported their disappearance to the police.

Approximately two weeks later, appellant, while driving, was stopped by the police for a minor traffic violation. When he could not produce a registration for the car, the police checked the license tags with the central computer to verify that the car was not stolen. The computer revealed that the tags were stolen and appellant was then placed under arrest. He was

charged later with receiving stolen property.

The sole issue on this appeal is whether at trial the prosecution adequately proved that the property, in this case the license tags, had value. The complainant testified that the tags were current and that he had just recently renewed them. Furthermore, the tag renewal application, indicating that the cost of registering the car and obtaining tags was $33.50, was introduced into evidence.

Appellant is correct when he says that value is an essential element of the misdemeanor crime of receiving stolen property. However, no specific minimum value need be established. *See Boone v. United States,* D.C.App., 296 A.2d 449, 450 (1972); *Brock v. United States,* D.C.Mun. App., 122 A.2d 763 (1956). We view the evidence here as sufficient to show that the tags had value. It is enough to show, as the government did in this case, the monetary cost of the tags and that they were current. Being valid at the time of the theft, the tags had a use value for the balance of the license year. *See Turner v. State,* 372 S.W.2d 346, 347 (Tex.Cr. App.1963). There was no need to show actual market value of the license tags, but only that they had some real value to the owner. *State v. Paramo,* 92 Ariz. 290, 376 P.2d 554, 556 (1962) (en banc). As the Supreme Court of North Carolina said in *State v. Andrews,* 246 N.S. 561, 99 S.E.2d 745, 749 (1957):

"In order to satisfy this requirement [of value] it is not necessary that the thing taken have any special, appreciable, or market value or that it should be valuable to anyone except the owner; the law draws no [such] fine distinctions . . . . It is sufficient if it is of any

---

I. D.C.Code 1973, § 22–2205 provides:

Any person who shall, with intent to defraud, receive or buy anything of value which shall have been stolen . . . knowing or having cause to believe the same to be

so stolen . . . if the value of the thing or things so received or bought be less than $100, shall be fined not more than $500 or imprisoned not more than one year, or both.

value at all, although less than the smallest coin." [Citations omitted.]

Finding that there was no error in the court's refusal to grant motions for either a judgment of acquittal or a judgment *n. o. v.*, the orders on appeal are

Affirmed.