**In the Matter of P. A. S., Appellant.**

No. 14239.

District of Columbia Court of Appeals.

Submitted July 19, 1979.

Decided Aug. 13, 1981.

---

Barry Kowalski, Washington, D. C., appointed by the court, and Gregory F. Linsin, Washington, D. C., were on the brief for appellant.

Judith W. Rogers, Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, and Richard B. Nettler, Asst. Corp. Counsel, Washington, D. C., were on the brief for appellee.

Before NEWMAN, Chief Judge, FERREN, Associate Judge, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

Appellant was convicted of receiving stolen property, specifically motorcycle license plates, in violation of D.C.Code 1973, § 22–2205.[1] He appeals from the trial court's denial of his motion for judgment of acquittal. Because we agree with his contention that the government failed to produce sufficient evidence to establish the offense, we reverse.[2]

The evidence adduced at trial indicated that on May 25, 1978, the motorcycle on which Anthony Kusard, complainant, was riding began to experience mechanical difficulty. Due to its complete failure, Kusard left the bike at an apartment complex adjacent to the highway he was travelling in Prince George's County, Maryland. The next day, when Kusard returned, it was gone. He immediately reported the bike, bearing D. C. tag M–2159, missing, to the Prince George's County Police Department. Four months later, on September 19, 1978, two officers of the Metropolitan Police Department stopped appellant as he drove a motorcycle because he was not wearing a helmet, as required by D. C. Traffic Regulations. In response to questioning by the officers, appellant stated that he had neither the bike's registration nor his driver's license with him at that time. An on-the-spot WALES check[3] revealed that the tags on the bike were reported stolen. Appellant was placed under arrest for having in his possession stolen tags.

At the close of the government's case and again at the close of the evidence presented at trial,[4] appellant moved for judgment of acquittal. Each motion was denied. The court, sitting as the trier of fact, found appellant guilty as charged.

Appellant argues that the trial court erred in denying his motion for judgment of acquittal since the government failed to establish that he had received stolen property. It is well settled that a motion for judgment of acquittal should be granted when the trial court determines that a reasonable mind could not fairly conclude guilt beyond a reasonable doubt from the evidence adduced at trial. *Byrd v. United States*, D.C.App., 388 A.2d 1225, 1229

---

1. § 22–2205. Receiving stolen goods.

    Any person who shall, with intent to defraud, receive or buy anything of value which shall have been stolen or obtained by robbery, knowing or having cause to believe the same to be so stolen or so obtained by robbery, if the thing or things received or brought shall be of the value of $100 or upward, shall be imprisoned for not less than one year nor more than ten years; or if the value of the things or things so received or brought be less than $100, shall be fined not more than $500 or imprisoned not more than one year or both. . . .

2. Appellant further contends that the trial court's in limine curtailment of cross-examination abridged his Sixth Amendment right to confrontation. In light of our disposition, we need not, and therefore do not, reach this issue.

3. WALES is the Washington Area Law Enforcement System used by area police departments to check for stolen autos and tags.

4. Although appellant presented no defense, renewing his motion at the close of the evidence preserved his right to raise a general sufficiency of the evidence issue on appeal.

(1978); *Marshall v. United States*, D.C.App., 340 A.2d 805, 808 (1975); *Curley v. United States*, 81 U.S.App.D.C. 389, 392–93, 160 F.2d 229, 232–33, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). Thus, the government is required at the very least to produce some probative evidence of each essential element of the crime. *Jennings v. United States*, D.C.App., 431 A.2d 552 (1981) citing *Moore v. United States*, D.C. App., 388 A.2d 889 (1978).

■ In the instant case, the charge of receiving stolen property required proof of the following elements:

(1) that the property was received, (2) that at the time of its receipt the property was stolen, (3) that the individual receiving the property had guilty knowledge that it was stolen, and (4) that he had a fraudulent intent in receiving the property. *Brown v. United States*, D.C. App., 304 A.2d 21 (1973). [*Charles v. United States*, D.C.App., 371 A.2d 404, 406 (1977).]

Moreover, that the stolen property had some real value to the owner must also be shown. *Jones v. United States*, D.C.App., 345 A.2d 144, 145 (1975).

■ Viewing the evidence in the light most favorable to the government,[5] as we are required to do, we are of the opinion that the trial court should have granted the motion for judgment of acquittal. It is clear from the record that the government only established that appellant was in possession of tags reported as stolen. At no point in the proceedings did the government attempt to link appellant to the particular tags missing from the complainant's motorbike. The tags were not put in evidence. No evidence of any kind was introduced as to the number on the license tags seized from appellant, and there was no testimony that these tags were the same as those belonging to the complainant. Neither did the government introduce evidence as to the value of the tags or that they were current. *See Jones v. United States, supra* at 145.

We conclude that the trial court erred in denying the motion for judgment of acquittal. Accordingly, the judgment on appeal is

*Reversed.*

---

**5.** *Calhoun v. United States*, D.C.App., 369 A.2d 605, 607 (1977); *Crawley v. United States*, D.C. App., 320 A.2d 309, 312, *rehearing denied*, 325 A.2d 608 (1974).